■ WILLIAM DUMPSON, Respondent, v LIBERTY MUTUAL INSURANCE COMPANY et al., Defendants, and ROYAL GLOBE INSURANCE COMPANY, Appellant.—In an action for a judgment declaring that either or both of the defendant insurers are obligated to defend and indemnify the plaintiff for injuries resulting from his negligence, if any, in the use and control of a lawnmower purchased from the defendant Pergament Stores, Inc., the defendant Royal Globe Insurance Company (hereinafter Royal Globe) appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Collins, J.), dated October 27, 1986, as denied its motion for summary judgment dismissing the plaintiff's complaint as against it.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

The plaintiff seeks a declaration, *inter alia,* that the defendant Royal Globe is obligated to defend and indemnify him with respect to a pending action for personal injuries in which he has been named as a third-party defendant. The underlying personal injury action is based on an incident which occurred over 10 years ago, on June 2, 1977. According to the plaintiff's complaint, Royal Globe's duty to defend and indemnify him derives from the terms of a "general liability homeowner's insurance policy" which Royal Globe had issued, and which insured premises located at 815 Baldwin Drive, Westbury, New York.

In June 1986 Royal Globe moved for summary judgment

premised upon an attorney's affidavit supported by certain exhibits. These motion papers establish, at most, that the original face sheet of Royal Globe's policy number KB-11-54-89 indicated that that policy would expire on May 19, 1976. This, however, does not prove that the policy was not renewed prior to that date. There is no allegation made by a person with knowledge of the facts that the policy in fact expired, and was never renewed, as of that date.

The plaintiff submitted an affidavit in opposition in which he unequivocally stated that Royal Globe did provide the plaintiff homeowners coverage as of June 2, 1977. In this affidavit, the plaintiff indicated that he was having difficulty locating documentary proof of this, since all of his insurance needs were handled by a broker. It is plausible that an insured homeowner could have difficulty locating records of the insurance coverage which supposedly was in place approximately 10 years ago.

Under these circumstances, we find that Royal Globe failed to prove sufficient facts to warrant summary judgment in its favor (see, Winegrad v New York Univ. Med. Center, 64 NY2d 851, 853; Zuckerman v City of New York, 49 NY2d 557, 562). Mangano, J. P., Thompson, Bracken and Spatt, JJ., concur.